# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Argonaut Insurance Company,<br><br>     Plaintiff,<br><br>v.<br><br>H&G Paving Contractors, Inc.,<br>Glover & Associates, Inc.,<br>CTG Properties, LLC,<br>GAI Equipment, LLC,<br>Craig Thomas Glover Revocable Trust,<br>Craig Glover,<br>Angela Glover,<br>Greg Hornbuckle, and<br>Regan Hornbuckle,<br><br>     Defendants. | Case No. CIV-24-244-RAW-SPS |

## ORDER

Plaintiff Argonaut brought this action seeking damages for breach of an Indemnity Agreement, attorneys' fees, costs, and interest. Now before the court is Argonaut's motion for preliminary injunction [Docket No. 18], Defendants' response [Docket No. 31], and Argonaut's reply [Docket No. 35]. After a hearing, United States Magistrate Judge Shreder issued a Report and Recommendation ("R&R"), recommending that the motion be denied [Docket No. 43]. Argonaut filed an objection to the R&R [Docket No. 46]. Defendants filed no response to the R&R.

Argonaut seeks a preliminary injunction ordering the Defendants to deposit $3,000,000.00 in collateral security acceptable to Argonaut as demanded and to provide Argonaut full access to review, inspect and copy the books, records, accounts, documents, and electronically-stored information of each of the Indemnitors. The motion also seeks an order

enjoining Indemnitors from spending, transferring, withdrawing, dissipating, selling, encumbering, utilizing, manipulating, or otherwise failing to preserve any property pending the deposit with Argonaut of collateral security in the sum of $3,000,000.00.

Applying the heightened standard for a disfavored injunction because the injunction changes the status quo, the Magistrate Judge found that Argonaut is substantially likely to succeed on the merits of its breach of contract claim. He also found, however that (1) Argonaut failed to establish that it will suffer irreparable injury if the injunction is denied; (2) Argonaut failed to establish that the threatened injury to Argonaut if the injunction is denied outweighs the potential harm to Defendants if it is granted; and (3) the public interest cannot accurately be weighed at this time and thus does not weigh in favor of a preliminary injunction.[*]

Argonaut agrees with the Magistrate Judge's determination that it is likely to succeed on the merits, but disagrees with the remainder of his findings. The Indemnity Agreement included a collateral security provision, and Argonaut argues, *inter alia*, that the preliminary injunction merely requires the Defendants to perform their contractual obligations. The court agrees with the Magistrate Judge, however, that the collateral security provision does not relieve Argonaut of its burden to establish each requirement for the preliminary injunction, in particular the irreparable harm requirement, and that Argonaut failed to meet its burden.

---

[*] The R&R notes that pursuant to the terms of the Indemnity Agreement, the substantive law of Texas governs the breach of contract claim. In the preliminary injunction briefing, Defendants do not mention the choice of law clause or that any other state's substantive law may govern. The court notes that in response to Plaintiff's motion to dismiss the Defendants' counterclaims, Defendants argue that the choice of law provision is not enforceable and that Oklahoma law must be applied in this case. At least for purposes of the motion for preliminary injunction, the court considers this argument waived. *See Eucalyptus Real Estate, LLC v. Innovative Work Comp Solutions, LLC*, No. 23-3119, 2024 WL 1631228, at *2, n.2 (10th Cir. Apr. 16, 2024) ("[A] party waives enforcement of a choice of law provision by failing to dispute the application of another state's law.").

After a *de novo* review, this court finds that the R&R is well-supported. The R&R [Docket No. 43] is hereby affirmed and adopted as this court's Findings and Order. The motion for preliminary injunction [Docket No. 18] is denied.

With their Answer, Defendants filed Counterclaims. Arguing that Plaintiff "interfered with Defendants' contracts," Defendants assert claims for breach of contract and bad faith. Plaintiff has moved for dismissal of the counterclaims pursuant to Fed. R. Civ. P. 12(b)(6). Argonaut argues that the counterclaims should be dismissed because it owes no duty to Defendants under the Indemnity Agreement, the Defendants specifically agreed and consented to Argonaut's resolution of claims as it deems appropriate, and the bad faith claim is barred under applicable law.

As is the court's custom, before addressing the motion to dismiss, it invites Defendants, if they so desire, to amend the Counterclaims by March 28, 2025, providing additional legal or factual averments which may vitiate Plaintiff's claims of insufficiency. Amendment to drop certain claims is allowed. Amendment to add parties or claims is not contemplated by this order. A redline version of the original Counterclaims as amended must be attached to the Amended Counterclaims. Should Defendants decline to amend the Counterclaims, the court will consider the currently pending motion. Of course, if Defendants choose to amend their Counterclaims, such amendment will render the pending motion moot, and Plaintiff may file a motion to dismiss the Counterclaims as amended.

**IT IS SO ORDERED** this 25th day of March, 2025.

*[signature: Ronald A. White]*

**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**