IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ARGONAUT INSURANCE COMPANY,                    )
                                               )
        Plaintiff/Counter Defendant,        )
                                               )
vs.                                            )
                                               )
H&G PAVING CONTRACTORS, INC.;                  )
GLOVER & ASSOCIATES, INC.; CTG                 )
PROPERTIES, LLC; GAI EQUIPMENT,                )    Case No. 6:24-cv-00244-RAW
LLC; CRAIG THOMAS GLOVER                       )
REVOCABLE TRUST; CRAIG GLOVER;                 )
ANGELA GLOVER; GREG                            )
HORNBUCKLE; AND REGAN                          )
HORNBUCKLE,                                     )
                                               )
        Defendants/Counter Claimants.       )

**GREG AND REGAN HORNBUCKLE'S RESPONSE TO ARGONAUT INSURANCE COMPANY'S MOTION FOR RECONSIDERATION [Dk. 60]**

Defendants/Counter-Claimants Greg and Regan Hornbuckle file their Response to Plaintiff/Counter Defendant Argonaut Insurance Company's Motion for Reconsideration and in support thereof state:

## I.    INTRODUCTION

As provided herein, the Court did not err in denying Plaintiff's Motion to Dismiss Defendants' Breach of Contract counterclaim for all of the reasons stated by the Court in its Order [Dk. 56] and particularly because the good faith requirement of Plaintiff extends to all disbursements made and is not limited to events of accounting. Plaintiff's Motion for Reconsideration [Dk. 60] should be denied.

## II.    BACKGROUND

Plaintiff filed its Complaint on July 12, 2024 [Dk. 2]. Defendants filed their joint Answer and related Counterclaims on August 15, 2024 [Dks. 34, 38]. Plaintiff filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), and its Brief in Support, on September 5, 2024 [Dks. 44, 45].

Defendants filed their Response in Opposition to Plaintiff's Motion to Dismiss Counterclaims Pursuant to Fed. R. Civ. P. 12(b)(6) on September 19, 2024 [Dk. 47], to which Plaintiff filed its Reply in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) [Dk. 48]. On September 16, 2025, the Court granted Plaintiff's Motion to Dismiss as to the Bad Faith counterclaim of Defendants and denied Plaintiff's Motion to Dismiss as to the Breach of Contract counterclaim of Defendants. [Dk. 56]. On November 20, 2025, in response to this Court's denial of Plaintiff's Motion to Dismiss the Breach of Contract counterclaim, Plaintiff filed its Motion for Reconsideration Pursuant to Fed. R. Civ. P. 54, and its Brief in Support [Dks. 60, 61].

### III.    STANDARD OF REVIEW

Rule 54(b) gives this Court authority to revise any order or decision adjudicating fewer than all the claims if done so before a final judgment. Fed. R. Civ. Pro. 54(b). A court may look to Rule 59(e) for guidance as to the appropriate standard of revision. *Ankeney v. Zavaras*, 524 F. App'x 454, 458 (10th Cir. 2013). The basis for granting a motion to reconsider under Rule 59(e) includes: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (*citing Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). No basis for reconsideration exists under the current facts. Defendants Breach of Contract Counterclaim should be allowed to stand, and the original Order of this Court should not be altered.

### IV.    ARGUMENT AND AUTHORITIES

A unilateral contract is created if the promise is treated as an offer and the promisee accepts that offer by performing the act requested by the promisor. *Spakes v. Weber*, No. 10–08–00313–CV, 2010 WL 139955 at *4 (Tex. App. Waco Jan. 13, 2010). Plaintiff contends that "[b]ecause a 'unilateral contract' is one in which the promisor does not receive a promise as consideration for

2

his promise, there is no mutuality of obligation and only the promisor is bound." [Dk. 61, pg. 7]. Plaintiff further claims that it has no obligations under the agreement and, apparently, can so act as it chooses without fear of breaching the Indemnity Agreement. Assuming the Indemnity Agreement is in fact a unilateral contract, such becomes binding once the promisee accepts the offer by performing the act requested. *Stavron v. Suretec Ins. Co.*, No. 02-19-00125-CV, 2019 WL 6768125 at *2 (Tex. App. Fort Worth Dec. 12, 2019). In doing so, the contract is binding on both parties. *Id*.

Paragraph 2 of the Indemnity Agreement, in part, provides:

. . .

In the event of any payment by the Surety, the Indemnitors further agree that in any accounting between the Surety and the Indemnitors, ***the Surety shall be entitled to charge for any and all disbursements made by it in good faith*** in and about the matters herein contemplated by this Agreement under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed. An itemized statement of Losses sworn to by an officer or other authorized representative of the Surety, or voucher(s), or other evidence of any such payment(s) made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety, *and of the Surety's good faith in making the payment(s)*. ***"Good Faith," as used in this paragraph and elsewhere in this Agreement, shall be deemed to include any and all payments, Losses, attorneys' fees, and other expenses*** except those made with deliberate and willful malfeasance.

(***emphasis added***).

Plaintiff, in its Motion for Reconsideration, appears to acknowledge its duty of good faith as it relates to an accounting. Defendants disagree that such good faith requirement is limited to any formal request for accounting and, similarly assert that even if such limitation were appropriate, Plaintiff must still act in good faith in all disbursements and not just when an accounting is demanded. Any conclusion otherwise would render the basis of an accounting irrelevant and illusory. This is especially pertinent in this present dispute, as the Defendants are

3

asserting an absence of this required good faith obligation. This basis—and this basis alone—appropriately identifies a legally sufficient basis upon which Plaintiff's Motion for Reconsideration should be denied.

Paragraph 2 of the Indemnity Agreement also stipulates that "[a]n itemized statement of Losses sworn to by an officer or other authorized representative of the Surety, or voucher(s), or other evidence of any such payment(s) made by the Surety shall be prima facie evidence of the fact and amount of the liability to the Surety, and of the Surety's good faith in making the payment(s)." Paragraph 2 of the Indemnity Agreement defines Good Faith as including, "any and all payments, Losses, attorneys' fees, and other expenses except those made with deliberate and willful malfeasance." Losses[1] is defined as including "sums paid by Surety to claims under the Bonds…"

At the very least, these two sentences create and define Good Faith as both applying to *all* Losses and as outlining a manner in which *prima facie* evidence is established. *Prima facie* evidence is "evidence sufficient as a matter of law to establish a given fact if it is not rebutted or contradicted." *Batra v. Covenant Health System*, 562 S.W.3d 696, 706–07, n.10, (Tex. App. 2018); *see also* Prima Facie, Black's Law Dictionary (12th ed. 2024) (Defining *prima facie* as "[s]ufficient to establish a fact or raise a presumption unless disproved or rebutted; based on what seems to be

---

[1] The Indemnity Agreement defines "Losses" as:

> The terms "Loss" or "Losses" shall mean any and all (a) sums paid by Surety to claimants under the Bonds, (b) sums required to be paid to claimants by Surety but not yet, in fact, paid by Surety, by reason of execution of such Bonds, (c) all costs and expenses incurred in connection with investigating, undertaking the performance of obligations, arranging for and/or completion of work, paying, or litigating any claim under the Bonds, including but not limited to consultant and legal fees and expenses, technical and expert witness fees and expenses, (d) all costs and expenses incurred in connection with enforcing the obligations of the Indemnitors under this Agreement including, but not limited to interest, consultant and legal fees and expenses, (e) all accrued and unpaid premiums owing to Surety for the issuance, continuation or renewal of any Bonds and/or (f) all other amounts payable to Surety according to the terms and conditions of this Agreement.

4

true on first examination, even though it may later be proved to be untrue."). Thus, when read together, Paragraph 2 of the Indemnity Agreement extends the use and application of Good Faith to all Losses and provides an evidentiary standard that can be established and rebutted. Defendants assert an absence of good faith and, according to the terms of the Indemnity Agreement, have a legal right to show proof of the same. The Good Faith requirements of the Indemnity Agreement are not limited to a demanded accounting, but apply to all disbursements and Losses and are thus properly asserted in a breach of contract counterclaim.

For the reasons herein stated, Plaintiff's Motion for Reconsideration should be denied.

## V.    PRAYER FOR RELIEF

WHEREFORE, Defendants Greg and Regan Hornbuckle respectfully request this Court uphold its Order and deny Plaintiff's Motion for Reconsideration, and for all such other relief as this Court deems just and proper.

Respectfully submitted,

/s/Michael S. Linscott
Michael S. Linscott, OBA No. 17266
DOERNER SAUNDERS DANIEL
  & ANDERSON, L.L.P.
Two West Second Street
Tulsa, OK 74103-3522
Tel: 918.591.5288 | Fax: 918.925.5288
mlinscott@dsda.com
*Attorney for Defendants/Counter Claimants, Greg and Regan Hornbuckle*

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2026, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the ECF registrants.

/s/Michael S. Linscott
Michael S. Linscott

5