IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ARGONAUT INSURANCE COMPANY,               §
                                          §
        Plaintiff,                        §
                                          §
v.                                        §
                                          §       Civil Action No. 6:24-cv-00244-RAW
H&G PAVING CONTRACTORS, INC.;             §
GLOVER & ASSOCIATES, INC.; CTG            §
PROPERTIES, LLC; GAI EQUIPMENT,           §
LLC; CRAIG THOMAS GLOVER                  §
REVOCABLE TRUST; CRAIG GLOVER;            §
ANGELA GLOVER; GREG                       §
HORNBUCKLE; AND REGAN                     §
HORNBUCKLE,                               §
                                          §
        Defendants.                       §

### ARGONAUT INSURANCE COMPANY'S REPLY IN SUPPORT OF ITS MOTION FOR RECONSIDERATION PURSUANT TO FED. R. CIV. P. 54

Plaintiff/Counter-Defendant Argonaut[1] files its Reply in Support of its Motion for Reconsideration [Doc. 60] of Argonaut's Motion [Doc. 44], pursuant to Federal Rule of Civil Procedure 54, and in support thereof states as follows:

## I.
## INTRODUCTION

As delineated in Argonaut's Motion for Reconsideration, Argonaut believes the Indemnity Agreement may have been misinterpreted and justice requires reconsideration of Argonaut's Motion. Under the plain language of the Indemnity Agreement and applicable law, the Indemnitors are the only parties with any duty arising from the Indemnity Agreement. The Indemnitors claim for breach of contract cannot, as a matter of law, survive. Nothing in Defendants Greg and Regan Hornbuckle's (the "Responding Indemnitors") Response to Argonaut's Motion for

---

[1] All defined terms in the Motion for Reconsideration are incorporated herein.

Reconsideration (the "Response") supports denial of Argonaut's Motion for Reconsideration. *See* Response [Doc. 77].

## II.
## <u>DEFAULTING INDEMNITORS' FAILURE TO PROSECUTE</u>

On or about May 19, 2026, the Court ordered that the Indemnitors "(1) secure entries of appearance by new counsel or file their own pro se entries of appearance; (2) show cause for their failure to respond; and (3) respond to the pending motion for reconsideration by June 2, 2026" otherwise the Court would "dismiss the remaining counterclaim for failure to prosecute." [Doc. 67]. On June 2, 2026, Attorneys Michael S. Linscott and Ty Gilmore of Doerner Saunders Daniel & Anderson filed their notices of appearance on behalf of the Responding Indemnitors. [Docs. 70, 72]. H&G Paving Contractors, Inc., Glover & Associates, Inc., CTG Properties, LLC, GAI Equipment, LLC, Craig Thomas Glover Revocable Trust, Craig Glover, and Angela Glover (the "Defaulting Indemnitors") failed to comply with the Court's May 19, 2026, Order. Accordingly, the Court should dismiss the breach of contract counterclaim with respect to the Defaulting Indemnitors for failure to prosecute. As to the Responding Indemnitors, for the reasons set forth in Argonaut's Motion and below, the counterclaim for breach of contract should likewise be dismissed.

## III.
## <u>ARGUMENT AND AUTHORITIES</u>

### A.    **Reconsideration is Appropriate Here to Prevent Manifest Injustice.**

As explained in Argonaut's Brief in Support of its Motion for Reconsideration, under Rule 59(e), a court should grant a motion to alter or amend a judgment if there is "the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. U.S.*, 894 F.3d 1187 (10th Cir. 2018). "Thus, a motion for reconsideration is appropriate where the court has misapprehended

the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "[R]econsideration of a nonfinal order should be granted 'as justice requires.'" *Duane & Virginia Lanier Trust v. SandRidge Mississippian Trust I*, No. CIV-15-634-G, 2025 WL 2626129, at *3 (W.D. Okla. Sept. 11, 2025). Given what Argonaut believes may have been a misinterpretation of the Indemnity Agreement, reconsideration is appropriate here to prevent manifest injustice. Nothing in the Responding Indemnitors' Response, which is effectively quotations from the Indemnity Agreement and argument without support, establishes otherwise.

**B.      As a Matter of Law, the Indemnitors' Breach of Contract Counterclaim Fails.**

The Responding Indemnitors do not appear to dispute that the Indemnity Agreement is a Unilateral Contract – likely because they cannot as it is apparent from its face. As delineated in Argonaut's Brief in Support of its Motion for Reconsideration, a unilateral contract occurs when there is only one promisor and the other party accepts, not by mutual promise, but by actual performance or forbearance. *Stavron v. SureTec Ins. Co.*, No. 02-19-00125-CV, 2019 WL 6768125, at *2 (Tex. Ct. App.—Fort Worth Dec. 12, 2019). In the case of an indemnity agreement, "[b]y accepting the [Indemnitors] offer through performance, [the Surety] formed a binding unilateral contract." *Id.*, at *4. Because a "unilateral contract" is one in which the promisor does not receive a promise as consideration for his promise, there is no mutuality of obligation and only the promisor is bound. *Spakes v. Weber*, No., 10-08-00313-CV, 2010 WL 139955, at *4 (Tex. Ct. App—Waco Jan. 13, 2010). Here, as in *Stavron*, the Indemnity Agreement is a unilateral contract, and accordingly, Argonaut has no obligations under it. Any reading otherwise contravenes the plain language of the Indemnity Agreement. As such, justice requires reconsideration of the Court's order denying in part Argonaut's Motion.

**C.      The Responding Indemnitors' Argument That "Good Faith" Applies to All Losses Does Not Render Their Breach of Contract Claim Viable.**

The Responding Indemnitors do not cite a single case that demonstrates that an indemnitor can maintain a breach of contract claim against a surety. Instead, the Responding Indemnitors strainingly argue that any good faith requirement applies to all losses, that the Indemnity Agreement "provides an evidentiary standard that can be established and rebutted," and that the Responding Indemnitors "assert an absence of good faith and, according to the terms of the Indemnity Agreement, have a legal right to show proof of the same." *See Responding Indemnitors' Response*, Doc. 77, p. 5. If anything, the Responding Indemnitors "claim" is actually a purported defense against Argonaut's claims ***not*** its own cause of action. The Responding Indemnitors "claim" does not establish a duty which can be breached nor does it establish damages. The Responding Indemnitors have simply attempted to transform an affirmative defense into an affirmative claim in an obvious attempt to use it as some form of leverage. However, neither the Indemnity Agreement nor the applicable law support such a claim. Accordingly, as a matter of law, the Indemnitors' breach of contract claim fails and justice requires that the Court reconsiders Argonaut's Motion and dismiss the Indemnitors' breach of contract claim.

## IV.
## <u>PRAYER</u>

WHEREFORE, Argonaut Insurance Company respectfully requests the Court reconsider its partial denial of Argonaut's Motion to Dismiss the Indemnitors' Counterclaims, that the Court dismiss the Indemnitors' counterclaim for Breach of Contract pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, and for such other and further relief as the Court deems just and proper.

Dated this 23rd day of June, 2026.

---

Respectfully submitted,

*/s/ Emory G. Allen*
CHRISTOPHER R. WARD
O.B.A. No. 32300
cward@clarkhill.com
EMORY G. ALLEN
eallen@clarkhill.com
O.B.A. No. 35986
CHRISTINA G. BURU
TX Bar No. 24128609
cburu@clarkhill.com
CLARK HILL PLC
2600 Dallas Parkway, Suite 2600
Frisco, Texas 75034
Telephone:  (469) 287-3902
Facsimile:   (469) 287-3999
**ATTORNEYS FOR**
**PLAINTIFF/COUNTER-DEFENDANT**
**ARGONAUT INSURANCE COMPANY**

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing has been served to all counsel of record on this the 23rd day of June, 2026, *via* the Court's e-filing system.

/s/ *Emory G. Allen*
*Emory G. Allen*